TRINETTE G. KENT (State Bar No. 222020)
3219 E Camelback Rd, #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Laura Ellen Goodwin

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| Laura Ellen Goodwin,<br><br>            Plaintiff,<br><br>     vs.<br><br>Rash Curtis & Associates,<br><br>            Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FOR VIOLATIONS OF:**<br>  **1. THE FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>  **2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Laura Ellen Goodwin (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Rash Curtis & Associates (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), Cal. Civ. Code 1788.30(f), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Placerville, California, and is a "consumer" as defined by 15 U.S.C. § 1692a(3), and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

5. Defendant is a business entity located in Vacaville, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

6. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

7. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5), and is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

10. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

11. Within the past year, Defendant contacted Plaintiff in an attempt to collect a debt.

3

12. On or about May 10, 2018, during a live conversation, Plaintiff offered to satisfy multiple outstanding balances originating from the same creditor for a lump sum payment of $649.09.

13. In exchange, Plaintiff requested that Defendant immediately report all the outstanding balances as "paid in full" on her credit report and provide Plaintiff with a letter stating Defendant's intent to do so.

14. In response, Defendant stated that in order to process Plaintiff's request "sooner," it would require Plaintiff to pay an additional $25.00 "expedite fee."

15. Defendant's "expedite fee" is incidental to the underlying alleged debt and is impermissible pursuant to 15 U.S.C. § 1692f(1).

16. Defendant's actions caused Plaintiff to suffer a significant amount of stress and anxiety.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

17. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

18. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

19. Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

20. Defendant used unfair and unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

21. Defendant attempted to collect an amount from Plaintiff that was unauthorized by agreement or law, in violation of 15 U.S.C. § 1692f(1).

22. The foregoing acts and/or omissions of Defendant constitute violations of the FDCPA, including every one of the above-cited provisions.

23. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.*

24. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

25. The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

26. The Defendants falsely represented that the Plaintiff's debt would be increased by the addition of attorney's fees, investigation fees, service fees, finance charges or other charges, when the charges could not be legally added to the debt, in violation of Cal. Civ. Code § 1788.13(e).

27. Defendant did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

28. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

DATED:  September 18, 2018              TRINETTE G. KENT

                                        By: __/s/  Trinette G. Kent__
                                        Trinette G. Kent, Esq.
                                        Lemberg Law, LLC
                                        Attorney for Plaintiff, Laura Ellen Goodwin